WALTZER, Judge,
concurring with reasons.
The trial court’s omission to give the timely requested circumstantial evidence charge in this case constitutes reversible error.
Since the crime of first degree murder requires that the offender have specific intent to kill or inflict great bodily harm, the prosecution was obliged to prove that the offender had specific intent to kill or inflict great bodily harm upon more than one person. Specific intent is defined as:
.. that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. (emphasis supplied).
Hawthorne’s defense was that he was justified in killing Hall and Gegenheimer since he acted in self-defense. The defense strategy was to marshal all evidence, circumstantial and otherwise, to prove the killings occurred in defense of self. The prosecution had the burden of showing that Hawthorne did not act in self-defense.
The state argues that the jury had sufficient evidence to reject the justification defense and to convict, making the eircumstan-tial evidence charge superfluous. I respectfully disagree with this assessment.
The court below committed reversible error when it decided that the charge was not required. The defense produced testimony indicating that there were circumstances which could have led a reasonable person to believe that Hall was armed and that Gegen-heimer had reached for a gun. Business dealings between the parties had deteriorated into a volatile relationship, with Gegen-heimer being perceived as Hall’s “muscle”. Fearful that harm would come to him, Hawthorne did call the police operator. The end of the conversation, preserved on tape for the jury to hear, proceeded in a whisper and Hawthorne testified that he had heard Hall telling Gegenheimer that he “wanted the job done tonight ... wanted me dead tonight.”
Gegenheimer had bragged that he had committed murder. There was testimony, that numerous telephone lines in the house were disconnected, and that doors were locked in such a way that it was difficult for the defendant to exit the house. The keys for all upstairs rooms had been taken from the defendant. Several guns were customarily available on the premises and, when the confrontation with Hall occurred, Hall had his right hand in his pocket of the robe he was wearing, giving rise to the reasonable inference that he might have a gun. The position of Hall’s body and the blood found on the muzzle of the gun was offered to show that it was consistent with Hawthorne’s perception that he had to act in order to save his life.
In his opening statement the prosecutor said “... when you see all the evidence both direct evidence and circumstantial evidence, we think that you will be convinced that on the night of December 7,1990, the defendant Kenneth Louis Hawthorne, with specific intent to kill both Danny and Mark Gegen-heimer, did kill them, and because of that he’s guilty of first degree murder.” (emphasis supplied).
*905 In closing argument the prosecutor stated inter alia
“We can’t open up the defendant’s mind for you, like a can, and tell you what his intent was on December 7, 1990.... You can infer intent from the circumstances surrounding the event.” (emphasis supplied)
The court charged the jury on specific intent:
Specific intent is that state of mind which exists when the circumstances indicate that the defendant actively desired the prescribed criminal consequences to follow his act or failure to act. It may be inferred from the nature of the facts of the case. It may he inferred from the circumstances established during the trial.
The self-defense jury charge given by the trial judge contained the following:
The person claiming self-defense must actually believe that he is in danger of losing his life or receiving great bodily harm. And this belief must he reasonable given the facts and circumstances surrounding the incident, (emphasis supplied).
In this case, where the defense had not been provided with written jury charges where requested, and where the defense insisted that the circumstantial evidence charge be given, the jury had no methodology by which to interpret facts upon which hinged their evaluation of circumstantial evidence.
La.R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
The charge of circumstantial evidence customarily given is as follows:
There are two methods by which facts can be established. These are direct and circumstantial evidence. Direct evidence is the evidence of certain facts bearing directly and without inference on the question at issue, or the facts to be proved. Circumstantial evidence is the evidence of certain facts, from which are to be inferred the existence of other material facts, bearing upon the questions at issue or the facts to be proved. This evidence is legal and competent, and when of such a character as to exclude every reasonable hypothesis of the defendant’s innocence, is entitled to as much weight as direct evidence. Where a conviction is sought upon circumstantial evidence alone, it must not only be shown that the facts are true, but absolutely incompatible upon any reasonable ground with the innocence of the accused, and incapable of explanation upon any reasonable other than the guilt of the accused. The degree of certainty must be equal to that of direct testimony, and if there is one single fact not proven to your satisfaction which is inconsistent with the defendant’s guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant. (Marr’s Crim.Jurisp., Vol. Ill, See. 562, p. 862, “Circumstantial Evidence”).
The facts and circumstances in this case are clearly distinguishable from those in State v. Walters, 582 So.2d 317 (La.App. 4 Cir.1991). This court held in that case that the evidence of attempted armed robbery was sufficient, and therefore the omission of the circumstantial evidence charge was not fatal to the integrity of the verdict. In Waiters there was no claim of self-defense, and it was not a first degree murder trial. In the instant case, the defendant in this first degree murder trial was entitled to the circumstantial evidence charge based on the theory of his defense and on the evidence in the record.
Appropriate and proper charges are essential for a fair trial. The function of a request to charge is to draw from the court a declaration of the law, coupled with an instruction to the jury on how it is to be applied by them in reaching a conclusion upon the issues before them. The requested instruction was requested timely and pertinent, and had to be included.
The jury heard a lot about “circumstances” or “circumstantial evidence”, but the jury was left with no criteria with which to determine what their obligation was if they determined that there was a reasonable hypothesis of innocence. Therefore, the jury was *906 deprived of the opportunity to weigh the evidence elicited on circumstantial evidence surrounding the defense of self-defense, in determining whether the requisite criminal intent was present. Ordinarily, we review and simply judge the evidence in the record based on sufficiency under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Based on this record, however, we are not able to know whether a properly instructed jury would have found the evidence sufficient to exclude any reasonable hypothesis of innocence.
The defendant in this case was entitled to a charge on every issue raised by the evidence, regardless of whether the evidence is strong, feeble, impeached, or contradicted. Whether circumstantial evidence as it pertained to the theory of self-defense in this ease excluded every reasonable hypothesis of innocence is a question of fact for a properly instructed jury.
I believe that the defendant’s proposed instruction was necessary in light of the facts and the evidence offered in this case. The failure to instruct the jury fully with regard to the defendant’s theory requires a new trial.